IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60078
USDC No. 2:96-CV-181-B
_____

JAMES ALBERT KING,

Petitioner-Appellant,

versus

JAMES V. ANDERSON ET AL.,

Respondents-Appellees.

* * * * * * * * * * * * * * * * *


_____

No. 98-60100
USDC No. 2-96-CV-180-B
_____

JOHNNY WAYNE KING,

Petitioner-Appellant,

versus

JAMES V. ANDERSON ET AL.,

Respondents-Appellees.


---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
---------------------

May 25, 1999

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

James Albert King, Mississippi prisoner # 77235, and Johnny Wayne King, Mississippi prisoner # 11815, appeal the district court's denial of their 28 U.S.C. § 2254 petitions. The Kings argue that the refusal of the trial judge to recuse himself violated their constitutional right to a fair trial by an impartial judge.

We have reviewed thoroughly the briefs, the record, and the law and hold that the judge's participation in the case did not violate due process. See Bracy v. Gramley, 520 U.S. 899, 904-05 (1997); Bradshaw v. McCotter, 796 F.2d 100, 101 (5th Cir. 1986).

The Kings also argue that their attorney was ineffective for failing to raise the recusal issue on direct appeal. They have failed to establish that but for counsels' error, the outcome of the appeal would have been different. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Pitts v. Anderson, 122 F.3d 275, 279 (5th Cir. 1997).

AFFIRMED.